IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01977-PAB-MEH

HERON RUIZ and
ROZALDA RUIZ, on Behalf of Themselves and All Others Similarly Situated,

 Plaintiffs,

v.

WOOD GROUP USA, INC.,

 Defendant.

---

# ORDER

---

  This matter is before the Court on the plaintiffs' Joint Motion to Change Venue to the Southern District of Texas [Docket No. 20]. Plaintiffs ask that the Court transfer this case to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). Docket No. 20 at 1. Defendant consents to the requested transfer, *id.*, after previously filing a motion to either dismiss this case for lack of jurisdiction or alternatively stay pursuant to the first to file rule. Docket No. 7 at 1.

  On July 21, 2017, plaintiffs initiated this lawsuit, alleging that defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), and Colorado state law by not compensating plaintiffs with overtime wages. Docket No. 1 at 9-12 ¶ 40-57. Plaintiffs and defendant agree that a pending case in the Southern District of Texas, *Garza v. Wood Group USA, Inc.*, No. Civ. A. 4:20-cv-0253 (S.D. Tex. 2020), covers related FLSA claims against the defendant in a national collective action. Docket No. 20 at 2.

Defendant is a Texas-based corporation. *Id.* Additionally, the parties agree that many of the critical witnesses in the case are in Texas. *Id.*

Section 1404(a) of Title 28 provides, in pertinent part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). To warrant a transfer, the moving party must establish that: "(1) the action could have been brought in the alternate forum; (2) the existing forum is inconvenient; and (3) the interests of justice are better served in the alternate forum." *Wolf v. Gerhard Interiors, Ltd.*, 399 F. Supp. 2d 1164, 1166 (D. Colo. 2005) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991)).

The Court is satisfied that this action could have been brought in the Southern District of Texas based on the parties' representation that defendant is a Texas-based corporation doing substantial business in Texas. *See* Docket No. 20 at 2; Docket No. 1 at 3, 4, ¶¶ 9, 18. Regarding the inconvenience of the existing forum, the parties state that counsel for both parties are located in Texas and that many of the critical witnesses to this litigation are located in Texas. *See* Docket No. 20 at 2. The Court finds that the Southern District of Texas is the more convenient venue. Finally, because the motion to transfer is unopposed and litigation is pending in Southern District of Texas involving

similar claims, the Court finds that the interests of justice and judicial efficiency favor the transfer of this case to the United States District Court for the Southern District of Texas. The Court will grant the joint motion to transfer. Accordingly, it is

**ORDERED** that, pursuant to 28 U.S.C. § 1404(a), this action shall be transferred to the United States District Court for the Southern District of Texas. It is further

**ORDERED** that the Plaintiffs' Joint Motion to Change Venue to the Southern District of Texas [Docket No. 20] is **GRANTED**. It is further

**ORDERED** that the Defendant's Motion to Dismiss [Docket No. 7] is **DENIED** as moot.

DATED November 9, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge